IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JONATH K. CHAPMAN, SR., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-041-RGA |
| JUDGE ERIC DAVIS, et al., | : | |
| Defendants. | : | |

Jonath K. Chapman, Sr., James T. Vaughn Correctional Center, Smyrna, Delaware. *Pro Se* Plaintiff.

**MEMORANDUM OPINION**

April 6, 2015
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Jonath K. Chapman, Sr., an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). (*See* D.I. 3, 7, 8, 9).[1]

Prior to Plaintiff's conviction and sentence, he was injured at work in June 2013. Plaintiff states that he has medical issues with his left shoulder and left carpel tunnel, a fractured right elbow, a pinched nerve, and problems with his right shoulder. He has constant pain and numbness in the right arm. Plaintiff asked the sentencing judge (Honorable Eric Davis) to postpone the sentencing based upon Plaintiff's medical condition, but the request was denied. Plaintiff was sentenced on June 28, 2013. Plaintiff then sought home confinement, but it was denied. Plaintiff alleges that, because of Defendants Judge Davis, Deputy Attorney General Krista Griffith, and Connections CSP, Inc., he will be on disability for the rest of his life.

Plaintiff was initially held at the Howard R. Young Correctional Institution and from there he was taken to an outside physician who indicated that Plaintiff could wait a year before undergoing surgery for his injuries. In November or December 2013, Plaintiff began complaining that he was losing more feeling in his right hand. An x-ray

---

[1] Plaintiff recently supplemented his complaint, clarified the parties, and provided the Court with medical records.

was taken two months later that revealed a pinched nerve in the right elbow. Plaintiff was treated with medication.

At some point in time he was transferred to the Vaughn Correctional Center. Plaintiff was taken to see Dr. DuShuttle, outside physician, on August 7, 2014, who indicated that surgery was a reasonable option. In September 2014, an EKG was performed. In October 2014, Plaintiff was taken to see a neurologist on two occasions and scheduled for an EMG. Plaintiff alleges that he was advised he needed surgery as soon as possible.

Plaintiff saw Dr. DuShuttle on November 21, 2014, and underwent surgery on January 14, 2015. He was housed in the infirmary for post-surgical care and returned to see the surgeon on January 22, 2015. Plaintiff alleges that the site became infected and, as a result, he will have "a scar bigger than normal because [of] lack of care." Plaintiff alleges that he was told by his physicians that he will not have the same use of his right arm that he did prior to the injury and surgery due to the length of time of the pinched nerve. Plaintiff is now waiting for approval of surgery on his neck, right elbow, and right hand. Plaintiff alleges Defendants committed malpractice. He seeks injunctive relief and compensatory damages for his suffering.

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true

and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

To determine whether a complaint meets the pleading standard, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Judge Davis and DAG Griffith are immune from suit. Judge Davis has judicial immunity. *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180 (3d Cir. 2009); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). DAG Griffith has prosecutorial immunity. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008); *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).

With regard to Plaintiff's medical claims, the allegations and exhibits attached to the Complaint indicate that Plaintiff has received continuing medical treatment. The

4

Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

In addition, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-40 (2d Cir. 2000)). Further, an inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. Allegations of medical malpractice are not sufficient to establish a constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation). Finally, "mere disagreement as to the

proper medical treatment" is insufficient to state a constitutional violation. See *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Even when reading the Complaint in the light most favorable to Plaintiff, he fails to state an actionable constitutional claim against Defendants for deliberate indifference to a serious medical need. Rather, the Complaint alleges that Plaintiff's condition was followed, there was a treatment plan and he received, and continues to receive, treatment for his medical conditions.

For the above reasons, the Complaint as to Judge Davis and DAG Griffith will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). The Court finds that amendment is futile. The Complaint as to Connections CSP, Inc., will be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Although it seems unlikely that Plaintiff can successfully plead a claim against Connections CSP, Inc., given the allegations that Plaintiff has already made, he will be given another opportunity to do so.

An appropriate order will be entered.