IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JONATH K. CHAPMAN, SR., :
:
    Plaintiff, :
:
v. : Civil Action No. 15-041-RGA
:
DIRECTOR C.D. MCKAY, et al., :
:
    Defendants. :

Jonath K. Chapman, Sr., James T. Vaughn Correctional Center, Smyrna, Delaware. *Pro Se* Plaintiff.

**MEMORANDUM OPINION**

May 20, 2015
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Jonath K. Chapman, Sr., an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 5). On April 5, 2015, the Court screened and dismissed the original complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a) and gave Plaintiff leave to amend. (*See* D.I. 11, 12). Plaintiff's Amended Complaint names "Connections Medical GPS Inc." as Defendant.

Prior to Plaintiff's conviction and sentence, he was injured at work in June 2013. (D.I. 8 at 4). Plaintiff states that he has medical issues with his left shoulder and left carpal tunnel, a fractured right elbow, a pinched nerve, and problems with his right shoulder. Plaintiff was told by a surgeon that he could "survive a year without surgery" but the surgery did not take place because of his release date. Plaintiff alleges that, because of the delay in surgery by Connections Medical, he will be on disability for the rest of his life.

Plaintiff was initially held at the Howard R. Young Correctional Institution. He was transferred to VCC and, on August 7, 2014 was seen by Dr. DuShuttle. Medical records (D.I. 8) indicate he was seen by prison medical personnel, outside medical personnel, and had medical testing from the time he was seen by Dr. DuShuttle until he underwent surgery in January 2015 on his left shoulder and left carpal tunnel. Plaintiff alleges that prison medical personnel did not change his bandages as necessary and, as a result, caused a larger scar than necessary.

1

Following the January 2015 surgery, Plaintiff was approved for surgery on his right elbow. The surgery took place in early March 2015. Plaintiff complains that he continues with pain in the right hand. He alleges that he was told by a physician that because the nerve in the elbow was pinched for so long, the feeling would not return and this is due to Connection's negligence. Plaintiff complains of the 18-month delay from his initial incarceration until the first surgery, and the 20-month delay until the second surgery. He alleges that he continues with pain. Plaintiff seeks compensatory damages for his pain and suffering.

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

2

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*,

3

765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

To determine whether a complaint meets the pleading standard, the Court must: (1) "outline the elements a plaintiff must plead [to] state a claim for relief; [(2)] peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; [and (3)] look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'" *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Plaintiff's amendment failed to cure his pleading defects. As in his original Complaint, the allegations in the Amended Complaint and submitted exhibits indicate that Plaintiff has received continuing medical treatment. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate

indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

In addition, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010). Further, an inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. Allegations of medical malpractice are not sufficient to establish a constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Even when reading the Amended Complaint in the light most favorable to Plaintiff, he fails to state an actionable constitutional claim against Defendant for deliberate indifference to a serious medical need. Rather, the Amended Complaint alleges that Plaintiff's condition was followed, there was a treatment plan, and he received, and continues to receive, treatment for his medical conditions. At most, Plaintiff alleges negligence.

For the above reasons, the Amended Complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Plaintiff was provided an

5

opportunity to amend to cure his pleading defects, yet he failed to do so. Because Plaintiff did not remedy the defects in his complaint, despite notice and his familiarity with the pleading requirements, granting him an opportunity to amend his complaint would be futile. *Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir. 2012) (citing *Grayson*, 293 F.3d at 108; *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

An appropriate order will be entered.